UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ELIAS B. RIZK,                          :
          Plaintiff                     :
                                        :
          vs.                           :   CIVIL NO. 1:14-CV-619
                                        :
STATE FARM FIRE AND CASUALTY            :
COMPANY,                                :
          Defendant                     :

*M E M O R A N D U M*

I.        *Introduction*

          We are considering Defendant State Farm Fire and Casualty Company's

motion to dismiss Count III of the complaint.  (Doc. 3).  Plaintiff commenced this action

on March 7, 2014 by filing a complaint in the Court of Common Pleas in Dauphin County,

Pennsylvania.  Defendant timely removed the matter to this court on April 2, 2014.  (Doc.

1).  On April 7, 2014, Defendant filed the instant motion to dismiss Count III of the

complaint, which is a claim for bad faith denial of insurance coverage under 42 Pa.

C.S.A. § 8371.  For the following reasons, we will deny Defendant's motion.

II.       *Background*

          The following facts are set forth in Plaintiff's complaint and are taken as

true, as they must be when considering a motion to dismiss, Fowler v. UPMC Shadyside,

578 F.3d 203, 210 (3d Cir. 2009):  Plaintiff Elias Rizk is an adult individual who owns a

residence located at 517 Northstar Drive, Harrisburg, Pennsylvania (the "Residence").

(Doc. 1-2, ¶ 3).  In June 2012, Rizk purchased homeowner's insurance from Defendant,

State Farm.  (Doc. 1-2, ¶ 12).  The Residence was unoccupied from at least December

2012 through February 2013, while Rizk was attending school in Alabama.  (Doc. 1-2, ¶ 5).  In his absence, Rizk's friend, Akshal Patel, visited the Residence on December 26, 2012, and set the thermostat to 48 degrees Fahrenheit.  (Doc. 1-2, ¶ 6).  Rizk and Patel both visited the Residence on separate occasions in January 2013, and did not observe any issues with the house.  (Doc. 1-2, ¶ 7).  On February 6, 2013, the furnace malfunctioned and ceased operation.  (Doc. 1-2, ¶ 9).  The pipes froze and burst, causing extensive damage to the Residence and Rizk's personal property.  (Doc. 1-2, ¶ 10).  The Residence has been uninhabitable since the damage occurred.  (Doc. 1-2, ¶ 11).

According to the terms of Rizk's homeowner's policy, damage resulting from frozen pipes is a covered loss, as long as the property owner "used reasonable care to maintain heat in the building."  (Doc. 1-2, ¶ 14).  Rizk immediately notified State Farm of the claim, but State Farm denied coverage.  (Doc. 1-2, ¶ 18).  Plaintiff filed the instant action in March 2014, seeking a judgment declaring that the loss is covered, and bringing claims for breach of contract and bad faith.  (Doc. 1-2).

III.      *Discussion*

*A.  Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be

entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting

Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint

need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and

detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555, (2007), a complaint must plead "enough facts to state a claim to relief that is

plausible on its face." Id. at 570.  "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at

556).  "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as

true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555

(quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis."

Fowler, supra, 578 F.3d at 210.   First, we separate the factual elements from the legal

elements and disregard the legal conclusions. Id. at 210-11.  Second, we "determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a

'plausible claim for relief.'" Id. at  211 (quoted case omitted).

*B.  Plaintiff Has Stated a Plausible Claim for Bad Faith*

Under Pennsylvania law, to state a claim against an insurer for bad faith, a

plaintiff must show by clear and convincing evidence that: (1) the insurer lacked a

reasonable basis for denying benefits; and (2) the insurer knew or recklessly

disregarded the fact that it lacked such a reasonable basis. See Klinger v. State Farm

Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky v. Prudential

Property & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).  Pennsylvania

courts have adopted the following definition of "bad faith":

> Any frivolous or unfounded refusal to pay proceeds of a policy;
> it is not necessary that such refusal be fraudulent.  For
> purposes of an action against an insurer for failure to pay a
> claim, such conduct imports a dishonest purpose and means
> a breach of a known duty (i.e., good faith and fair dealing),
> through some motive of self-interest or ill will; mere negligence
> or bad judgment is not bad faith.

Condi v. State Farm Ins. Co, No. 3:13-cv-1100, 2013 WL 4520852 at *2-*3

(M.D. Pa. Aug. 26, 2013) (Munley, J.) (citation omitted).

State Farm argues that the complaint sets forth primarily legal conclusions,

and does not contain sufficient facts to support a bad faith claim.  (See Doc. 5).  We

disagree.  Rizk alleges that he submitted a claim for a loss that is covered under the

terms of the insurance policy, and that State Farm wrongfully denied this claim.  (Doc. 1-

2, ¶¶ 10, 17-18).  Rizk alleges that "[t]he Policy contains an exclusion which indicates

that freezing of the plumbing is not a covered loss, *but this exclusion does not apply if

the insured used reasonable care to maintain heat in the building.*"  (Doc. 1-2, ¶ 16)

(emphasis added).  Rizk specifically alleges that he took reasonable care to maintain

heat in the Residence by having a friend set the thermostat to an appropriate

temperature, and by checking on the property at various times in January 2013.  (Doc. 1-

2, ¶¶ 6-7, 17).  Rizk also alleges that State Farm purposefully interpreted the policy

provisions to resolve ambiguities in favor of itself; failed to provide a reasonable basis for

denial of the claim; and failed to reasonably and adequately investigate the claim.  (Doc. 1-2, ¶ 30).

Considering these allegations, Rizk's claim that State Farm acted in bad faith is plausible.  This case is similar to Aldsworth v. State Farm Fire & Casualty Co., No. 3:13-cv-2941, 2014 WL 582792 (M.D. Pa. Feb. 14, 2014) (Conaboy, J.), in which the court held that, where the reasonableness of the defendant's basis for denying coverage was a factual issue, dismissal of the plaintiff's bad faith claim was premature. Aldsworth, 2014 WL 582792 at *4.  In this case, whether State Farm had a reasonable basis for denying Rizk's claim depends on the factual issue of whether Rizk took reasonable care to maintain heat in the Residence.  As the Aldsworth court observed: "While discovery may not provide Plaintiffs with the required clear and convincing evidence that Defendant '(1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim,' a determination on these matters is not properly made on the record before us." Id. at *5.  Because we find that Rizk has stated a plausible claim for bad faith, we will deny State Farm's motion.

*IV.       Conclusion*

For the reasons stated above, the motion to dismiss will be denied, and an appropriate order will issue.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

5